IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

NIEKEYEA NEWTON,

    Plaintiff,

                                                 No. 14-2985-SHM-dkv

vs.

SELECT STAFFING &
ESI COMPANIES, INC.,

    Defendant.
_____

REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
_____

On December 15, 2014, the plaintiff, Niekeyea Newton ("Newton"), filed a *pro se* complaint against the defendants, Select Staffing and ESI Companies, Inc. ("ESI"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2), which the court granted on December 9, 2014, (ECF No. 4). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow, it is recommended that both Newton's Title VII claims against Select Staffing be dismissed for failure to state a claim and that Newton's Title VII gender discrimination claim against ESI be dismissed for failure to state

a claim but that process issues for Newton's retaliation claim against ESI.

## I. PROPOSED FINDINGS OF FACT

Newton filed her complaint on a court-supplied form styled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Newton alleges that the defendants discriminated against her because she did not "want[] to exchange sex for employment." (Compl. ¶ 9, ECF No. 1.) She did not check any of the boxes for a protected class under Title VII. When asked to describe the circumstances under which the defendants discriminated against her, Newton only states: "sexual harassment."

The complaint states that Newton filed charges against the defendants with the Equal Employment Opportunity Commission ("EEOC") on February 24, 2014, and that the EEOC issued a Notice of Right to Sue which was received by her on September 25, 2014. (*Id.* ¶¶ 7, 8.) Newton has attached to her complaint two Charges of Discrimination she filed with the EECO, one against Select Staffing and once against EST, but she has not attached to her complaint the right-to-sue notice from the EEOC. (*See* Charge of Discrimination, ECF No. 1-1.)[1] In

---

[1] Although Newman has not attached EEOC's Notice of Right to Sue, Newton states in her complaint that EEOC issued such notice on September 25, 2014. (Compl. ¶ 8, ECF No. 1.) Title VII provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). Construing the factual allegations in the complaint as true, the court finds that Newton's suit was brought within the ninety-day time limit.

2

both Charges of Discrimination Newton checked the sex discrimination and retaliation boxes, and described the circumstances as follows:

> On or about September 2013, I completed several employment applications with the above employer for placement. I attempted to obtain employment in October 2013 and February 2014. However, I was not referred to ESI or any other location for employment. Rodney Jefferson with ESI informed me that he had pulled my application. After I refused to have sex with him for employment, I was denied employment opportunities. He requested for me to have sex with him at least four times. I have a recorded conversation of him asking me for sex.
> I believe I have been discriminated against because of my sex (female) and in retaliation for refusing sexual advances in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Charge of Discrimination 1, 2, ECF 1-1.)[2]

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

---

[2]Although Newton has not indicated in her complaint that she is alleging discrimination based on sex and retaliation, in evaluating her complaint the court will consider the facts alleged in Newton's EEOC charges, which were attached to her complaint and referenced therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502-03 (6th Cir. 2001)(reversing a 12(b)(6) dismissal of a discrimination claim where the district court failed to consider the facts alleged in the plaintiff's discrimination charge, which was attached to his complaint).

3

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.    <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the

4

framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint

pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Newton's Title VII Gender Discrimination Claim</u>

Newton alleges in her Charge of Discrimination that she was denied employment opportunities because of her sex. (Charge of Discrimination, ECF No. 1-1.) The essential elements of a Title VII gender-discrimination claim, in the case of a person's nonselection for a job, are: 1) that the plaintiff is a member of a protected class; (2) that she applied for, and did not receive, a job; (3) that she was qualified for the job; and (4) that a similarly situated individuals of opposite gender received the job. *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 463 (6th Cir. 2003)(citations omitted).

Newton's complaint fails under the third and fourth prong of the *prima facie* case. As to the third prong, Newton does not allege any facts to show what job she applied for and whether she was qualified for the job to which she applied. As to the fourth prong, Newton does not allege that a similarly situated male received the job or any facts to infer that she suffered an adverse employment action because of her gender.

Further, there are no factual allegations that Select Staffing played any role in the decision to not hire Newton. Taking Newton's allegations as true, it appears that Rodney Jefferson — an ESI employee — denied Newton employment because she refused to have sex with him. (Charge of Employment, ECF No. 1-1.) To the extent that Newton alleges that Select Staffing failed to refer her for employment because of her gender, her complaint fails to plead any facts sufficient for the court to infer such discrimination. *See* 42 U.S.C.A. § 2000e-2(b)(stating that employment agencies may not refuse to refer for employment any individual because of his race, color, religion, sex, or national origin).

Because Newton has failed to plead facts sufficient for the court to infer the essential elements of a gender discrimination claim against either defendant, this court recommends that Newton's sex discrimination claim be dismissed against both defendants for failure to state a claim upon which relief can be granted.

D.  Newton's Title VII Retaliation Claim

In her Charge of Discrimination, Newton alleges that she was denied employment opportunities by Rodney Jefferson, an ESI employee, "in retaliation for refusing sexual advances." (Charge of Discrimination, ECF No. 1-1.) To establish a *prima facie* case of retaliation, Newton must show:

> (1) she engaged in activity protected under Title VII; (2) the defendant knew that she engaged in the protected activity, (3) the defendant subsequently took an adverse, retaliatory action against the plaintiff, or the plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisory, and (4) the protected activity and the adverse action were causally connected.

*Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006)(citations omitted). There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a).

Newman has not alleged any facts suggesting that Select Staffing was involved in any Title VII retaliatory action. Newman's allegations on this claim are aimed towards ESI. Therefore, the court recommends that any purported claim against Select Staffing be dismissed for failure to state a claim.

As to the remaining retaliation claim against ESI, there are

no allegations in the complaint that Newman made a charge, participated in a hearing or investigation of discrimination Title VII. Rather, Newman retaliation claim on the argument that Newman is based on allegations that she engaged in a protected activity by opposing a practice made unlawful by Title VII.

It is undisputed that reporting or participating in an investigation of sexual harassment is a protected activity under Title VII. *See Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 736 (6th Cir. 2006). It is less clear, however, whether declining sexual advances by a prospective employer constitutes "opposing" an unlawful practice. Courts are divided on whether or not refusal to submit to a supervisor's sexual advances constitutes "protected activity." *See Gauny v. Potter*, No. CA 4:06-504-TLW-TER, 2008 WL 4413193, at *11 (D.S.C. Sept. 23, 2008)(listing district court cases that have held that rejecting a sexual advance is protected activity and cases that have held that it does not amount to protected activity).

The Sixth Circuit has stated that the "opposition clause protects not only the filing of formal discrimination charges with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)(citations omitted); *see also Wells v. Securitas Sec. Servs. USA, Inc.*, No. 07-15500, 2009

9

WL 818005, at *4 (E.D. Mich. March 27, 2009)("[O]pposition need not rise to the level of a formal complaint in order to receive statutory protection." (internal quotation marks and citation omitted)). The term "oppose" carries its ordinary meaning, which is to resist, antagonize, to contend against, to confront, or withstand. *Laster*, 746 F.3d at 730 (citations omitted).

Construing the complaint liberally and accepting all factual allegations as true, the court finds that Newman's allegations are sufficient for the court to infer the essential elements of a retaliation claim. In the instant case, Newman alleges that Jefferson, an ESI employee, requested that Newman have sex with him on four occasions, all of which she denied. (Charge of Discrimination, ECF No. 1-1.) Newman's act of declining the sexual advances could amount to an expression of opposition of the unlawful employment practice of sexual harassment. As to the causation prong, Newman alleges that as a result of her refusal of Jefferson's sexual advancements she was denied an employment opportunity. A causal link between the protected activity and the adverse employment action "can be shown by either of two methods: (1) through direct evidence; or (2) through knowledge coupled with a closeness in time that creates an inference of causation." *Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000)(citation omitted). The court finds at this stage that the close temporal proximity coupled

with Newman's allegation that she possesses a recorded conversation of Jefferson asking her for sex sufficiently allege the element of causation.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that Newton's Title VII claims against Select Staffing be dismissed and that Newton's Title VII gender discrimination claim against ESI be dismissed for failure to state a claim.

It is further recommended that the Clerk be directed to issue process for ESI Companies, Inc. and to deliver that process to the marshal for service; that service be made on ESI Companies, Inc. pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and that all costs of service be advanced by the United States.[3]

It is further recommended that Newton be ordered to serve a copy of every document filed in this case on the attorney for ESI Companies, Inc., make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[4] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result

---

[3] The address provided for ESI by Newman is 1861 Vanderhorn Dr., Memphis, Tn 38134..

[4] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.uscourts.gov/pdf/content/LocalRules.pdf.

in the dismissal of her case without further notice.

Respectfully submitted this 15th day of January, 2015.

                              s/Diane K. Vescovo
                              DIANE K. VESCOVO
                              CHIEF U.S. MAGISTRATE JUDGE


                              NOTICE

    Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.