IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **NIEKEYEA NEWTON** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    No. 14-2985 |
| | ) |
| **SELECT STAFFING and ESI** | ) |
| **COMPANIES, INC.,** | ) |
| | ) |
|     **Defendants.** | ) |

---

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

On December 15, 2014, Plaintiff Niekeyea Newton ("Plaintiff") filed her pro se Complaint against Defendants Select Staffing and ESI Companies, Inc. ("ESI") (collectively, "Defendants"). (Compl., ECF No. 1.) Plaintiff brings her claims, in forma pauperis, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. (Id.; IFP Order, ECF No. 4.) Plaintiff alleges that Defendants discriminated against her based on her gender (the "Gender Discrimination Claims") and denied her employment in retaliation for refusing sexual advances (the "Retaliation Claims"). (Compl. ¶¶ 3, 9-10; EEOC Charge at 1, ECF No. 1-1.)

Before the Court is the Magistrate Judge's January 15, 2015 Report and Recommendation (the "Report") recommending that the case be partially dismissed. (Report, ECF No. 5.) No objection

has been filed to the Report and the time to do so has passed. For the following reasons, the Report is ADOPTED. Plaintiff's Gender Discrimination and Retaliation Claims against Select Staffing are DISMISSED. Her Gender Discrimination Claim against ESI is DISMISSED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds that Plaintiff has failed to plead sufficient facts to support a prima facie gender

discrimination claim. (Report at 6-7.) She recommends dismissing the Gender Discrimination Claims against both Defendants. (Id. at 7.)

The Magistrate Judge finds that Plaintiff has pled sufficient facts to support a retaliation claim against ESI, but has failed to plead sufficient facts to support a retaliation claim against Select Staffing. (Id. at 8-10.) She recommends dismissing the Retaliation Claim against Select Staffing. (Id.)

The Magistrate Judge recommends that the Court direct the Clerk to issue process for ESI and deliver that process to the Marshal for service pursuant to Federal Rule of Civil Procedure 4(h)(1). (Id. at 11.) She recommends that the United States advance all service costs. (Id.)

The Magistrate Judge further recommends that the Court order Newton to serve a copy of every document filed in this case on ESI's counsel, make a certificate of service on every document filed, familiarize herself with this Court's local rules, and promptly notify the Clerk of any change of address or extended absence. (Id.) She recommends that the Court warn Plaintiff that failure to comply with those requirements, or any other Court order, may result in the dismissal of her case without further notice. (Id. at 11-12.)

The Report states that any objections must be filed within 14 days after service of the Report, and that failure to file

discrimination claim. (Report at 6-7.) She recommends dismissing the Gender Discrimination Claims against both Defendants. (Id. at 7.)

The Magistrate Judge finds that Plaintiff has pled sufficient facts to support a retaliation claim against ESI, but has failed to plead sufficient facts to support a retaliation claim against Select Staffing. (Id. at 8-10.) She recommends dismissing the Retaliation Claim against Select Staffing. (Id.)

The Magistrate Judge recommends that the Court direct the Clerk to issue process for ESI and deliver that process to the Marshal for service pursuant to Federal Rule of Civil Procedure 4(h)(1). (Id. at 11.) She recommends that the United States advance all service costs. (Id.)

The Magistrate Judge further recommends that the Court order Newton to serve a copy of every document filed in this case on ESI's counsel, make a certificate of service on every document filed, familiarize herself with this Court's local rules, and promptly notify the Clerk of any change of address or extended absence. (Id.) She recommends that the Court warn Plaintiff that failure to comply with those requirements, or any other Court order, may result in the dismissal of her case without further notice. (Id. at 11-12.)

The Report states that any objections must be filed within 14 days after service of the Report, and that failure to file

objections or exceptions within 14 days may constitute waiver of objections, exceptions, and any further appeal. (Id. at 12 (citing 28 U.S.C. § 636(b)(1)(C)).)

Because no party has objected, Arn counsels the Court to adopt the Report in its entirety. Arn, 474 U.S. at 151. Adopting the Report is consistent with the policies underlying § 636, specifically judicial economy and protecting against the "functions of the district court [being] effectively duplicated as both the magistrate and the district court perform identical tasks." Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED. Plaintiff's Gender Discrimination Claim and Retaliation Claim against Select Staffing are DISMISSED. Plaintiff's Gender Discrimination Claim against ESI is DISMISSED. The Clerk is DIRECTED to issue process for ESI and deliver that process to the Marshal for service pursuant to Federal Rule of Civil Procedure 4(h)(1). The United States is ORDERED to advance all service costs. Plaintiff is ORDERED to serve a copy of every document filed in this case on ESI's counsel, make a certificate of service on every document filed, familiarize herself with this Court's local rules, and promptly notify the Clerk of any change of address or extended absence. Plaintiff is WARNED that failure to comply with these

requirements, or any other Court order, may result in the dismissal of her case without further notice.

So ordered this 3d day of February, 2015.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE