IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NIEKEYEA NEWTON,

    Plaintiff,

v.                        Case No. 14-cv-2985-SHM-dkv

ESI COMPANIES, INC.,

    Defendant.

REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION TO DISMISS

On December 15, 2014, the plaintiff, Niekeyea Newton ("Newton"), filed a *pro se* complaint under Title VII of the Civil Rights Act of 1964, alleging that the defendant, ESI Companies, Inc. ("ESI"), denied Newton an employment opportunity in retaliation for rejecting a sexual advance by an ESI employee. (ECF No. 1.)[1] ESI filed an answer on February 25, 2015. (ECF No. 13.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

---

[1] Newton originally filed this action against ESI and Select Staffing, alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Following, a *sua sponte* review of the complaint, the court dismissed Select Staffing from this action and dismissed the gender discrimination claim against ESI. (ECF Nos. 5, 6.) Thus, the only remaining claim is Newton's claim against ESI.

Before the court is ESI's June 18, 2015 motion to dismiss the complaint. (ECF No. 24.) Newton did not respond to the motion and the time for response has expired. For the reasons that follow, the court recommends that Newton's complaint be dismissed under Fed. R. Civ. P. 37(b)(2)(A)(v) for failure to comply with a court order and Fed. R. Civ. P. 41(b) for failure to prosecute.

## I. PROPOSED FINDINGS OF FACT

On March 2, 2015, ESI served Newton with its initial disclosures, first set of interrogatories and first set of requests for production of documents to the address listed in her complaint. (ECF No. 18-1.) ESI's mail was returned as undeliverable to the address provided by Newton, and on March 16, 2015, ESI resent all documents to another address provided by Newton. (*Id.*) On April 2, 2015, ESI counsel sent Newton a follow-up letter advising her that she had thirty days to respond to the discovery requests and instructing her to contact ESI counsel if she needed more time to respond. (*Id.*) Newton did not respond by the due date nor request additional time, and, on April 24, 2015, ESI filed a motion to compel Newton to serve initial disclosures and to respond to ESI's discovery requests, and for attorney fees and expenses associated with filing the motion. (ECF No. 18.) Newton did not respond to ESI's motion to compel.

2

On May 20, 2015, the court granted ESI's motion to compel and ordered Newton to serve her initial disclosures and her responses to ESI's discovery requests within fourteen days of that order. (ECF No. 19.) The court also granted ESI's motion for attorney fees and ordered Newton to pay the sum of $1,306.5 incurred by ESI in seeking discovery and preparing the filing of the motion to compel. (ECF No. 25.) In its May 20, 2015 order, the court warned Newton that "failure to comply with proper discovery requests, discovery obligations, or orders of this court will lead to dismissal of her complaint." (ECF No. 19.) To this day, Newton has not served initial disclosures or responded to ESI's discovery requests.

On April 7, 2015, ESI served Newton with its first set of requests for admissions. (ECF No. 16.) Newton did not respond nor requested additional time to respond. On June 3, 2015, ESI sent Newton a letter informing her of ESI's intent to move that the requests for admission be deemed admitted. (ECF No. 22-2.) ESI received no response from Newton, and, on June 15, 2015, ESI filed a motion to deem requests for admission as admitted. (ECF No. 22.) Newton did not respond to ESI's motion, and, on July 9, 2015, the court granted ESI's motion to deem its requests for admission as admitted. (ECF No. 26.)

In its instant motion to dismiss, ESI requests that the court enter an order dismissing this action with prejudice,

pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b). (ECF No. 24-1.) As stated above, Newton again failed to respond to the motion and the time for response has expired.

## II. PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 37(b)(2)(A) empowers the court to issue a number of sanctions in the event a party fails to obey a discovery order. Among such sanctions is dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort." *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988)(citing *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)). In determining whether to dismiss an action, the court should consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens*, Inc., 71 F.3d 237, 241 (6th Cir. 1995);

4

*Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Another Federal Rule of Civil Procedure, Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013)(citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). In determining whether to dismiss an action under Rule 41(b), the court considers the same factors as those considered under Rule 37(b)(2)(A). *Id.* at 569-70. Dismissal under Rule 41(b) is warranted when there is a "clear record of delay or contumacious conduct by the plaintiff" and when the plaintiff "is inexcusably unprepared to prosecute the case." *Id.* at 570 (citations and internal quotation marks omitted).

Dismissal of Newton's complaint is the only appropriate sanction in this case. Newton has failed to comply with a court order, and therefore, dismissal of the action is warranted under Fed. R. Civ. P. 37(b)(2)(v). Furthermore, Newton has failed to cooperate in discovery and has shown an inexcusable unpreparedness to prosecute the case, and therefore, dismissal is warranted under Fed. R. Civ. P. 41(b).

5

As to the first factor, the Sixth Circuit has held that it is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland*, 103 F.3d at 1277. "Willfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Shavers*, 516 F. App'x at 570 (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31-32 (6th Cir. 2012)(stating that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order (citing *Metz v. Unizan Bank,* 655 F.3d 485, 489 (6th Cir. 2011)).

The record in this case reflects that Newton has failed to abide with this court's order. Newton failed to timely serve her initial disclosures and responses to ESI's discovery requests. ESI's counsel sent Newton a follow-up letter advising her of the deadline to respond and asking her to contact ESI's counsel if she needed more time to respond. (ECF No. 18-1.) Despite the ESI attempt to secure her cooperation, Newton neither provided responsive documents and disclosures nor contacted ESI's counsel to request additional time. On May 20, 2015, the court ordered Newton to file her initial disclosures and responses to the discovery requests; however, to this day,

6

Newton has not obeyed the court's order. Newton was clearly aware of the court-ordered deadlines and has willfully refused to obey them.

Further, Newton did not respond to ESI's motion to compel, did not file objections to ESI's affidavit of fees, did not respond to ESI's requests for admissions, did not respond to ESI's motion to deem requests for admissions admitted, and did not respond to ESI's motion to dismiss. Newton has also failed to communicate with ESI's counsel despite his various attempts to communicate with Newton. Despite being given the opportunity to request additional time to respond to ESI's various motion, Newton has failed to ask the court or ESI counsel for more time to respond. Newton's conduct exhibits a clear record of willful delay and refusal to prosecute her case in any manner.

As to the second factor, a "defendant is 'prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Wright v. City of Germantown, Tenn.*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013)(quoting *Shavers*, 516 F. App'x at 570). Here, to this day, Newton has failed to participate in discovery in any manner. As a result, ESI has been unable to engage in any discovery or prepare for trial. ESI has also wasted time, money, and efforts in attempting to reach an uncooperative plaintiff and in filing

7

a motion to compel, a motion to deem requests for admissions as admitted, and a motion to dismiss. Accordingly, ESI has been prejudiced by Newton's conduct.

The third factor is also satisfied because Newton was warned by the court on January 5, 2015 that failure to comply with the Federal Rules of Civil Procedure, the court's local rules, and the court's orders may result in the dismissal of the case. (ECF No. 5.) On February 3, 2015, Newton was again warned that failure to comply with orders of this court may result in dismissal of the case. (ECF No. 6.) Further, in its May 20, 2015 order, the court again warned Newton that failure to comply with proper discovery requests, discovery obligations, or orders of this court would lead to dismissal of her complaint. (ECF No. 19.)

As to the fourth factor, the court has previously imposed significant financial sanctions on Newton. On May 20, 2015, 2015, the court sanctioned Newton monetarily for her failure to respond to ESI's discovery requests and to provide initial disclosures. (*Id.*) Despite this sanction, Newton has still not provided initial disclosures or discovery responses to Newton. Further, because Newton failed to respond to ESI's requests for admission, the court penalized her by deeming ESI's requests for admission as admitted. (ECF No. 26.) Therefore,

it is clear that further sanctions, financial or otherwise, would have no practical deterrent effect on Newton.

While dismissal is a sanction of last resort, it is warranted here. All the factors weigh in favor of dismissing Newton's complaint. Apart from filing her complaint, Newton has not engaged in any other efforts to prosecute her case or notified the court of any necessity for additional time. Newton has not yet sought any discovery from ESI, has not responded to ESI's discovery requests, and has failed to even respond in objection to ESI's motion to dismiss the case, to compel discovery responses and disclosures, to seek reasonable expenses from Newton, and to deem requests for admissions as admitted. Therefore, the court recommends dismissal of Newton's complaint under Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)(v).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the court dismiss Newton's complaint under Fed. R. Civ. P. 41(b) and 37(b)(2)(A)(v) with prejudice.

Respectfully submitted this 24th day of July, 2015.

    s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.